UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Michael Rene Rodarte | SACV 11-553 SVW |
| Michael Rene Rodarte, Appellant, v. Amrane Cohen, et al., Appellee. | ORDER RE: APPEAL FROM BANKRUPTCY COURT<br>Bankruptcy Court case number: 8:09-bk-10411-TA |

JS - 6

**I. INTRODUCTION**

On January 21, 2009, Appellant Michael Rene Rodarte ("Rodarte") filed a petition under Chapter 13 of the U.S. Bankruptcy Code. On February 20, 2009, Appellees Estates at Monarch Cove Community Association Home Owners Association ("HOA") filed a proof of claim. HOA subsequently made a motion for approval of $56,627 in attorneys' fees and costs incurred pre-petition, post-petition and pre-confirmation, and post-confirmation. On February 14, 2011, the Bankruptcy Court issued a Statement of Decision and on March 29, 2011,

it issued an Order awarding the entire $56,627 in attorneys' fees and costs to HOA. For the reasons set forth in this Order, the Court hereby AFFIRMS in part and REVERSES in part the Bankruptcy Court's Order awarding attorneys' fees and costs to HOA.

## II. FACTUAL BACKGROUND[1]

On January 24, 2003, HOA filed an action in California Superior Court to enforce landscaping and irrigation provisions in the Covenants, Conditions and Restrictions ("CC&Rs") governing properties in Monarch Cove owned by Rodarte and his father. The CC&Rs included a provision awarding attorneys' fees to the prevailing party in an action to enforce them. The matter was tried before a jury on July 31, 2006, and on November 17, 2006, a judgment on special verdict was entered against Rodarte and his father. The Superior Court also awarded HOA $147,474.39 for attorneys' fees and costs, with an interest rate of 10 percent per annum. The HOA recorded an abstract of the attorneys' fees judgment with county records on April 11, 2007. Rodarte and his father filed an appeal in the California Court of Appeals on January 22, 2007, which was dismissed pursuant to their request on August 12, 2008. Five months later, on January 21, 2009, Rodarte filed a petition under Chapter 13 of the U.S. Bankruptcy Code.

After Rodarte's Chapter 13 petition was filed but before confirmation of Rodarte's bankruptcy plan, HOA filed a proof of claim

[1] This factual summary is taken from the Bankruptcy Court's Statement of Decision Allowing Attorneys' Fees.

as a secured credit claim on February 20, 2009, based on the state court judgment awarding HOA attorneys' fees for the state court litigation. By the time Rodarte filed his Chapter 13 petition on January 21, 2009, $35,635.66 in interest had accrued on the original judgment, and thus the total amount of the claim filed under the Original Proof of Claim was $183,110.05. HOA also filed two amended claims, one on May 17, 2010, and another on October 19, 2010, claiming an additional $1,450 in pre-petition attorneys' fees and costs, $42,414 in post-petition but pre-confirmation costs, and $12,763 in post-confirmation attorneys' fees and costs. The total amount of amended fees requested by HOA was $56,627. These fees were incurred for, among other things, (1) filings of objections to the debtor's Plan and Amended Plan; (2) a motion for dismissal for lack of feasibility of the plan; (3) a motion for dismissal for bad faith filing of petition; (4) two supplemental briefs regarding feasability; (5) applications for authority to take, and the taking of three Rule 2004 examinations of Debtor and Co-debtor; (6) a response to Debtor's objection to HOA's Claim No. 4; and, (7) appearances at numerous court hearings on each of the above.

On December 15, 2010, the Bankruptcy Court held a hearing. On February 14, 2011, the Bankruptcy Court issued a Statement of Decision and on March 29, 2011, it issued an Order awarding the entire $56,627 in attorneys' fees and costs to HOA. On April 11, 2011, Rodarte filed his appeal with the U.S. District Court for the Central District of California. This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(c).

**III. STANDARD OF REVIEW**

A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of laws are reviewed de novo. In re Clark, 262 B.R. 508, 514 (BAP 9th Cir. 2001). A lower court's findings are reversible for clear error when the appellate court is left with a definite and firm conviction that a mistake has been committed. Id. (citing United States v. Maldonado, 215 F.3d 1046, 1050 (9th Cir. 2000), cert. denied, 531 U.S. 1172 (2001)). Mixed questions of law and fact are generally reviewed de novo. In re Clark, 262 B.R. at 514 (citing Diamond v. City of Taft, 215 F.3d 1052, 1055 (9th Cir. 2000), cert. denied, 531 U.S. 1072 (2001)).

**IV. DISCUSSION**

The issue before the Bankruptcy Court, and thus on appeal, is whether the $56,627 in attorneys' fees and costs incurred by HOA after the state court entered judgment could be assessed against Rodarte. Rodarte did not dispute in the Bankruptcy Court the judgments awarded enforcing the CC&Rs, nor the judgment awarding HOA $183,110.05 in attorneys' fees and costs awarded in connection with the state court litigation. Nor does he dispute them here. See Appellant's Opening Br. 14 ("The claim should be disallowed as to all *post State Court Judgment Attorney fees*.") (emphasis added).

Rodarte makes two arguments as to why the $56,627 in attorneys' fees should not be awarded to HOA. First, he contends that, as a

matter of California law, the $56,627 in attorneys' fees and costs should not be allowed. Second, he contends that the Bankruptcy Court erred in awarding the attorneys' fees and costs without holding a hearing as to the reasonableness of the fees awarded.

**A. HOA's Post-petition, Pre-Confirmation Fees**

Rodarte's primary argument is that the $56,627 attorneys' fees and costs are not "costs" within the meaning of California Civil Code ("CCP") § 685.040 and thus cannot be assessed against him. Presumably, this argument is meant to apply to each of the pre-petition, post-petition and pre-confirmation, and post-confirmation fees incurred by HOA. However, as the Ninth Circuit has clearly held, HOA's post-petition, pre-confirmation attorneys' fees and costs are governed by 11 U.S.C. § 506(b), which preempts state law. See In re Hoopai, 581 F.3d 1090, 1098 (9th Cir. 2009) (holding that § 506(b) governs fees incurred prior to the confirmation plan).[2] Indeed, in its opening brief, HOA rested its claim to these fees solely on federal bankruptcy law. See Appellee's Opening Br. 9 ("However, [p]ost-petition but pre-confirmation attorneys fees are governed by federal bankruptcy law preempting any state law pertinent thereto.").

[2] The Ninth Circuit in In re Hoopai did not explicitly hold that § 506(b) does not govern pre-petition costs. However, it does favorably quote dicta from In re Joubert, 411 F.3d 452, 454 (3d Cir. 2005): “[s]ection 506(b) allows oversecured creditors to add reasonable post-petition, pre-confirmation attorney fees, interest, and costs to the amount of their secured claim." Moreover, other cases explicitly hold that pre-petition costs are governed by applicable state law. See In re Indus. W. Commerce Ctr., LLC, No. 10-10088, 2011 WL 2551745, at *1 (Bankr. N.D. Cal. June 27, 2011).

Section 506(b) provides:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

11 U.S.C. § 506(b). Thus a "creditor is entitled to attorneys' fees if (1) the claim is an allowed secured claim; (2) the creditor is oversecured; (3) the fees are reasonable; and (4) the fees are provided for under the agreement." In re Hoopai, 581 F.3d at 1098. Moreover, the Ninth Circuit "has firmly established that § 506(b) entitles oversecured creditors to enforce contractual attorneys' fees provisions and preempts state law on attorneys' fees." Id.

Nowhere does Rodarte challenge the Bankruptcy Court's finding that the HOA's claim was secured, nor that it was an oversecured creditor. Nor does Rodarte directly argue that the fees awarded were not reasonable. He does argue, however, that the Bankruptcy Court erred in failing to hold an evidentiary hearing on the reasonableness of attorneys' fees. To the extent that Rodarte argues that the fees awarded are unreasonable, he has raised this argument for the first time on appeal. Rodarte does not dispute HOA's argument that he did not raise the issue reasonableness in the Bankruptcy Court, and his briefs provide no evidence that he addressed this issue in the Bankruptcy Court. See Dckt. Nmbr. 13 and 14. Because Rodarte had ample opportunity to raise the issue of reasonableness and failed to do

so, this issue is considered waived. See In re Hoopai, 581 F.3d at 1099 n.6.

The fourth requirement of § 506(b), however, is not as easily dispensed with in this case as the first three. Attorneys' fees will only be awarded pursuant to § 506(b) if they are "provided for under the agreement or State statute *under which such claim arose*." § 506(b) (emphasis added). Thus, in order for HOA to collect attorneys' fees for its post-petition, pre-confirmation activities, those costs must be incurred while making a claim in Bankruptcy Court, and the claim the creditor is seeking to enforce must allow the creditor to collect attorneys' fees. See United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989) ("Recovery of fees, costs, and charges, however, is allowed only if they are reasonable and provided for in the agreement under which the claim arose."); In re Gledhill, 164 F.3d 1338, 1340 (10th Cir. 1999) ("The 'allowed secured claim' is the specific claim presented to the bankruptcy court for payment.").

In this case, the Bankruptcy Court construed the post-petition, pre-confirmation attorneys' fees as costs incurred to enforce the state court judgment. Thus, the claim at issue arose from the state court judgment and not the CC&Rs. Under California law, the entry of judgment extinguished all contractual rights HOA had under the terms of the CC&Rs, including the right to attorneys' fees. Under the "merger doctrine," when "a judgment is rendered on a case involving a contract that includes an attorney fees and costs provision, the judgment extinguishes all further contractual rights, including the contractual

attorney fees clause." Jaffe v. Pacelli, 82 Cal. Rptr. 3d 423, 429 (2008) (internal citations and quotation marks omitted). Thus, because the claim made in the bankruptcy proceeding did not provide for attorneys' fees, HOA cannot collect them under § 506(b).

The Tenth Circuit similarly refused to award a creditor attorneys' fees under § 506(b) when faced with similar facts in In re Gledhill. 164 F.3d at 1338. There, a creditor made a claim during bankruptcy proceedings based on a state court judgment that arose out of the debtor's default on a loan taken out secured by a note and trust deed. Id. at 1339. The underlying loan included a provision awarding attorneys' fees to the creditor in the event of a debtor's default. Id. The Court refused to award the creditor attorneys' fees for actions taken during the bankruptcy proceedings, noting that pursuant to Utah law, once the state court judgment was entered, the underlying attorneys' fees agreement became "irrelevant." Id. at 1340. Similarly, in this case, once the state court judgment was entered, the attorneys' fees agreement in the CC&Rs became of no moment to the claim made in the bankruptcy proceedings. See also In re A & P Diversified Technologies Realty, Inc., 467 F.3d 337, 339 (3d Cir. 2006) (holding that a creditor could not collect attorneys' fees incurred during bankruptcy proceedings under § 506(b) when the claim was based on a state court judgment arising out of debtor's default on a mortgage that included an agreement to pay attorneys' fees).[3]

[3] The Third Circuit has recognized an exception to the merger rule when the underlying agreement "clearly evidences an intent to preserve the effectiveness of that provision post-judgment." In re A & P Diversified Technologies Realty, Inc., 467 F.3d at 342. However, no such intent was evidenced in the CC&Rs. The CC&Rs provided only for "costs of collection and costs of court or alternative dispute

CCP § 685.040 does not change this analysis. § 685.040 entitles a judgment creditor[4] to obtain post-trial attorneys' fees incurred to enforce the judgment if "the underlying judgment included an award of contractually-based attorneys' fees[.]" Jaffe, 82 Cal. Rptr. 3d at 429. The awarding of postjudgment fees pursuant to § 685.040, however, "is not based on the survival of the contract, but is instead based on the award of attorney fees and costs in the trial judgment." Id. § 685.040, in short, does not revive the contractual right to attorneys' fees, but instead creates an independent right under state law to attorneys' fees. Any right to attorneys' fees are thus not provided for under the agreement under which the claim arose, but are rather provided for by operation of state law.[5]

Thus, because HOA's claim in the bankruptcy proceedings did not arise out of an agreement, it cannot recover post-petition,

---

resolution," not for attorneys' fees. See Dckt. Nmbr. 14. Thus, this exception does not apply on these facts.

[4]CCP § 680.240 defines a "judgment creditor” as "the person in whose favor a judgment is rendered or, if there is an assignee of record, means the assignee of record." Cal. Civ. Proc. Code § 680.240.

[5] As part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Congress amended § 506(b) to allow creditors to claim attorneys' fees when provided for in the "State statute under which the claim arose." § 506(b). However, in the Bankruptcy Court, HOA only claimed attorneys' fees pursuant to an agreement, the CC&Rs. See Dckt. Nmbr. 14 ("Monarch's [HOA] claim for pre-confirmation attorney fees anc dosts is provided for under its CC&Rs under which the claim arose . . . ."). Thus, HOA waived any argument that a State statute provided for attorneys' fees. Moreover, the few cases that have considered the amended version of § 506(b) have refused to award attorneys' fees when not provided for under an agreement on the basis of a general attorneys' fees provision of state law. See, e.g., In re Astle, 364 B.R. 735 (Bankr. D. Idaho 2007) (refusing to award attorneys' fees under § 506(b) on the basis of an Idaho statute that provided a "general, statutory authorization for fees to prevailing parties in litigation over commercial transactions.").

pre-confirmation fees under § 506(b), the only basis under which HOA claimed those fees on appeal. See Appellee's Opening Br. 9. Moreover, the Ninth Circuit has "firmly" held that "§ 506(b) entitles oversecured creditors to enforce contractual attorneys' fees provisions and preempts state law on attorneys' fees." In re Hoopai, 581 F.3d at 1098. Other courts have rejected similar claims in bankruptcy proceedings when based solely on state law. See In re Astle, 364 B.R. 735 (Bankr. D. Idaho 2007) (refusing to award attorneys' fees under § 506(b) on the basis of an Idaho statute that provided a "general, statutory authorization for fees to prevailing parties in litigation over commercial transactions.").

However, nothing in the Bankruptcy Code prevents HOA from collecting fees it might be entitled to under California law in California court. See Chinese Yellow Pages Co. v. Chinese Overseas Mktg. Serv. Corp., 88 Cal. Rptr. 3d 250, 264 (2008) ("In a similar vein, recovery of reasonable and necessary attorney fees and costs pursuant to Civil Code section 1717 and section 685.040 after a bankruptcy proceeding has been dismissed at the debtor's request and the automatic stay has expired does not violate any federal interest. Thus, nothing in the Bankruptcy Code prevented the [California] trial court from ruling on the creditor's section 685.040 attorney fee and costs motion.").

**B. HOA's Pre-Petition and Post-Confirmation Fees**

While § 506(b) does govern post-petition, pre-confirmation fees, it does not govern either pre-petition or post-confirmation fees: state

law does. See In re Hoopai, 581 F.3d at 1110 (holding that state law governs post-confirmation fees); In re Indus. W. Commerce Ctr., LLC, No. 10-10088, 2011 WL 2551745, at *1 (Bankr. N.D. Cal. June 27, 2011) (holding that pre-petition fees are "not subject to § 506(b), and may be recovered if allowable under state law."). In this case, HOA claims that CCP § 685.040 entitles it to HOA $1,450 in pre-petition attorneys' fees and costs and $12,763 in post-confirmation attorneys' fees and costs.

As discussed above, see supra Part IV.A, when a judgment is rendered on a case involving a contract that includes an attorney fees and costs provision, generally under California law the "judgment extinguishes all further contractual rights, including the contractual attorney fees clause." Jaffe, 82 Cal. Rptr. at 429. (internal citations and quotation marks omitted). However, "[f]ees authorized by statute do not present the same problem." Id. (internal citations and quotation marks omitted).

CCP § 685.040 entitles a judgment creditor to "reasonable and necessary costs of enforcing a judgment," but explicitly provides that "[a]ttorney's fees incurred in enforcing a judgment are not included in costs collectible under this title unless otherwise provided by law." Cal. Civ. Proc. Code § 685.040. § 685.040 does, however, include attorney's fees as "costs" if "the underlying judgment includes an award of attorney's fees to the judgment creditor" pursuant to CCP § 1033.5(a)(10)(A)--that is, when they are authorized by contract. In short, § 685.040 provides that "if the underlying judgment included an award of contractually-based attorneys' fees, the party seeking to

enforce the judgment may obtain post-trial attorney fees incurred to enforce the judgment." Jaffe, 82 Cal. Rptr. 3d at 429. Thus, in order for postjudgment attorneys' fees to fall within the meaning of "costs" under § 685.040, two requirements must be met: (1) the fees must have been incurred to enforce a judgment and (2) the underlying judgment had to include an award of attorneys' fees authorized by contract. Id.

Rodarte does not dispute that the fees were incurred to enforce the judgments against him. He contends solely that the underlying award of attorneys' fees were not part of a contract, but were rather awarded pursuant to the terms of the CC&Rs and thus are governed by property law. However, as the Bankruptcy Court found, equitable servitudes are contracts under California law. Section 1354 of the California Civil Code provides that covenants and restrictions declared as part of a "Planned Development" are "enforceable equitable servitudes." Cal. Civ. Code § 1354. Actions to enforce such enforceable servitudes, in turn, have been defined by California law as actions based in contract. See Nahrstedt v. Lakeside Vill. Condo. Ass'n., 8 Cal. 4th 361, 380 (1994) ("equitable servitudes permit courts to enforce promises restricting land use when there is no privity of contract between the party seeking to enforce the promise and the party resisting enforcement. Like any promise given in exchange for consideration, an agreement to refrain from a particular use of land is subject to contract principles . . . ."); see also Chee v. Amanda Goldt Prop. Mgmt., 50 Cal. Rptr. 3d 40, 57 (2006) ("We conclude that the causes of action for breach of a contractual obligation alleged to have been created by the CC&R's, and for declaratory relief affirming plaintiff's interpretation of the CC&R's, were actions brought to

enforce the CC&R's."). Nowhere does Rodarte challenge the Bankruptcy Court's finding that the CC&Rs were declarations of a Planned Development. Neither does he challenge its finding that the attorneys' fees agreements were "equitable servitudes" and thus contract actions under applicable California law. Thus, as the Bankruptcy Court correctly concluded, because the enforcement of equitable servitudes was based in contract, they are recoverable "costs" within the meaning of § 685.040. Moreover, even if the CC&Rs were not part of a "Planned Development," California law holds that attorneys' fees provided for in equitable servitudes are matters of contract. See MacKinder v. OSCA Dev. Co., 151 Cal. App. 3d 728, 738 ("[P]rovision for attorney fees in a declaration of restrictions constituting a binding equitable servitude is a 'contract' within the meaning of Civil Code section 1717.").[6]

Rodarte cites two cases in support of his argument. The first, In re Foster, 435 B.R. 650 (BAP 9th Cir. 2010), is inapplicable because it deals solely with Washington law. See id. at 659-60 ("[U]nder Washington law, the Declaration is not a contract, but a document that unilaterally creates a type of real property.") (emphasis added) (internal citations and quotation marks omitted). HOA's post-confirmation fees were incurred enforcing a California state court judgment, and thus are governed by California law. Rodarte further

[6] The Bankruptcy Court also concluded that some of the fees of the appeal were already the subject of an appeal in California state court later dismissed, and thus Rodarte was collaterally estopped from arguing that they could not be awarded under Bankruptcy Court. However, it is unclear from the Bankruptcy Court's opinion which of these attorneys' fees it was referring to, and because the Bankruptcy Court's interpretation of California law was correct, the Court need not address this argument.

relies on Citizens for Covenant Compliance v. Anderson, 12 Cal. 4th 345 (1995). However, that case did not discuss the nature of the equitable servitudes (i.e. whether they are governed by the law of contracts or real property), and only discussed whether or not the CC&Rs at issue were binding against the defendants in that case. See id. at 368.

Thus, because, as the Bankruptcy Court concluded, actions to enforce CC&Rs are contract matters under California law, attorneys' fees incurred while enforcing them are "costs" within the meaning of CCP § 685.040, and HOA may recover them for its pre-petition and post-confirmation costs.

**C. The Bankruptcy Court's Failure to Hold a Hearing on the Reasonableness of HOA's Attorneys' Fees**

Rodarte's second argument is that the Bankruptcy Court erred in failing to hold an evidentiary hearing on the reasonableness of the fees assessed by the Bankruptcy Court. Rodarte cites no authority for this position, and the Court has found no authority for this proposition. Indeed, the Ninth Circuit has affirmed a Bankruptcy Court's awarding of attorneys' fees on the basis of an affidavit alone. See Matter of 268 Ltd., 789 F.2d 674, 677 (9th Cir. 1986).[7] To the

---

[7] The Bankruptcy Court held a hearing on December 15, 2010, during which the availability of attorneys' fees was primarily discussed. Rodarte's attorney did indicate that he was only discussing the "legal issue" of whether or not HOA could be awarded fees, and the Bankruptcy Court did agree that there the factual issue of the fees was a separate question from whether or not fees could be awarded in the first place. However, at no time during the hearing did the Bankruptcy Court indicate that it would hold an additional hearing on the reasonableness of the fees. Moreover, Rodarte cites no authority

extent that Rodarte is arguing that fees awarded are unreasonable, as explained above, see supra Part IV.A, he has raised this argument for the first time on appeal, and thus the issue is considered waived. See In re Hoopai, 581 F.3d at 1099 n.6.

## V. CONCLUSION

For the reasons set forth in this Order, the Order of the Bankruptcy Court is hereby AFFIRMED in part and REVERSED in part.

IT IS SO ORDERED.

DATED: August 24, 2012

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

---

for his argument that the Bankruptcy Court was required to hold a hearing on the reasonableness of the fees.